Washburn, P. J.
' This is an error proceeding in which the parties'appear the same as in the court of common pleas.
Plaintiff and defendants entered into a written contract by which plaintiff sold to defendants an acetylene lighting plant to be installed by the defendants in a house they were then building, the contract being, as has been said, in writing and signed by the parties.
The plaintiff shipped the goods described in the contract and in all respects complied with the contract and was entitled .to recover the contract price, unless the defendants were justified in not accepting the goods on the sole ground that plaintiff’s agent who negotiated the contract made certain false and: fraudulent representations upon which defendants relied and were thereby induced to enter into the contract.
The contract which was signed by defendants, husband and wife, was read by one of them and the other had ample opportunity to read the same, and they do not claim that there were any *370 false representations as to the character of the instrument they signed, but they do claim that said agent falsely represented that the architect and contractor of defendants “pronounced said plant a good thing;” that the cost of operating said plant would not exceed two cents per day; that it was very easy to care for and the refuse therefrom could be run off through the house sewer; that an explosion was impossible; that the insurance company permitted said plants in buildings and recommended them, and that the price agreed upon included the cost of installation.
Under the charge of the court, the jury found that some one or more of these representations were made; that they were false; that the defendants relied upon them and were justified in doing so and would not have agreed to the purchase of said plant but for such false representations and consequently the verdict and judgment was for the defendants.
Two errors are relied upon (1) that some of these claimed representations were mere puffing or dealer’s talk, and too vague and- indefinite and partook too much of the character of predictions or opinions to constitute material false representations, and that therefore evidence in reference thereto and as to their falsity should-not have been admitted; and (2) that the court erred in the charge in reference thereto, such error being an act of commission and not mere omission. These two claimed errors will be considered together.
Fraud at law is a right of action-in a court of common law jurisdiction sounding in damages and is usually termed an action of deceit.
Fraud in equity is a right of action of which a court of equity will take cognizance, but the fraud is the same in either case, the distinction being in the nature of the relief rather than in the character of the fraud.
In either case the misstatement must be of a past or existing transaction, and the deception must relate to facts then existing, or Which had previously existed and which were material to the dealings between the parties in which the deception is employed.
Vague and indefinite statements or representations do not con- *371 statute a defense to an action for specific, performance, of a contract; to be fraudulent the representations must be definite and not mere general statements, uncertain in their character, nor simply puffing or dealer’s talk, mere commendation; a simple statement of opinion is not regarded as a misrepresentation where no confidential relation exists between the parties; and representations as to what will be performed, or will take place in the future, are regarded as predictions and not fraudulent, whether the matter is before the court as an action for damages for deceit or defensively as a ground of avoidance of a written contract. Wilder v. DeCow, 18 Minn., 470; King v. Eagle Mills, 10 Allen (Mass.), 548.
While the mere expression of an opinion, which opinion does not involve the assertion of a fact, although the opinion be incorrect, will not make the person expressing the opinion liable in an action for false and fraudulent representations, still in making statements language may be used and the circumstances may be such as that it is difficult to determine whether the party intended to merely express an opinion, or whether the representations were intended as the statement of a fact, and it is for the jury to determine whether the representation was made as a mere expression of opinion or was a statement of a fact that was calculated and intended to deceive and mislead.
Doubtless there are some statements which the court can determine as a matter of law are mere opinion or commendation or prediction as to the future, and therefore not actionable, and as to such the jury may properly be instructed to disregard them; but when there is a doubt as to the meaning or construction o£ the language used or intention of the-parties, a question is presented which is for the jury to determine under proper instructions.
In the ease at bar the contract was in writing and contained a clause that the written contract “covers all the agreements between” the parties, and “that no agent or representative” * * * has made any statements or agreements, verbal or written, modifying or adding to the tgerms ánd conditions herein set forth”; *372 and if the- evidence which it is claimed was improperly admitted merely tended to prove a warranty and thus add a term to the written contract, it was not competent; but if the evidence tended to prove a charge of a material false representation, it was- competent. Except as to the second defense, which clearly attempted to add a term to the contract and which was finally ruled out by (he court the matters testified to were charged as material false representations and for the most part they were such as presented a jury question as to whether or not they were such.
Tlie claimed false representations were all made in one conversation; a witness was asked to relate that conversation and an objection was made. The question was proper, a part of the answer was clearly competent and there was no motion to strike out any part of the answer, and therefore the record does not present the’ question of whether or not evidence as to any particular claimed false representation was incompetent. But some of the matters testified to in this case partook so largely of the expression of a mere opinion, rather than a statement of fact calculated and intended to deceive and mislead, as to require the court to charge fully and correctly on the subject as to what should be considered false representations. The court charged as follows:
“Now gentlemen of the jury, the defendants claim in substance that thg plaintiff by its agent, Butler, represented or said to the defendants that the cost of operating this plant would not exceed two cents per day; that it was easily taken care of; that-the refuse therefrom could be run off through the house sewer; that there was no danger in charging said plant as an explosion was impossible; that you could not explode it with a fire; that the defendants’ fire insurance agent, Yoder, had recommended it; that defendants’ contractor, Maurer, said it was a good thing. # # # #
“Now gentlemen, how is this matter? Was there fraud practiced by the plaintiff’s agent which induced the defendants to sign this contract, or was there not ? That is the question for you to decide.
“In order that a contract may be avoided- on the ground of fraud it must be shown,
*373 . 1. That material false representations were made.
2. That the person making them knew they were false.
3. That the party to whom they were made relied upon them, and
4. That the contract would not have been signed had the false representations not been made. * # *.
“It is not necessary, in order to find for the defendants, that you find that all of the representations claimed to have been made, were made; but if. you find that cmy one of such material representations were made, which was false, known by Butler to be false, relied upon by defendants, and the contract signed by them because such representation was made, then you will have found the existence of all of the necessary elements to constitute fraud, and your verdict would be for the defendants.” .
No place in the charge did the court explain to the jury the characteristics of a material false representation as applicable 1o a case of this kind, nor that to justify one’s relying upon representations they must relate to facts then existing or which had previously existed, and that they cannot consist, where no confidential relation exists, of the expression of a mere opinion or commendation or prediction as to what will take place in the future. The court did not permit the jury to consider such matters and determine what representations should be considered as material; on the contrary, the court assumed that any and all of the claimed statements, if they were made and were untrue, Avould constitute material false representations.
Under the pleadings and evidence in this case Ave find that the court’s assuming to determine that any and all of said claimed representations were material was an error of commission which prejudicially'affected the rights of the plaintiff, and for error in the charge of the court the judgment is reversed and the ease is remanded for a new trial.
Treash, J., and Pardee, J., concur in judgment.